### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN JOSEPH ORLANDO,<br>Defendant. | Criminal Action No. 24-040 (CKK) |

### MEMORANDUM OPINION & ORDER
(January 23, 2025)

### I.

The Government charged Defendant Ryan Joseph Orlando by information with six misdemeanor counts for his alleged conduct during the riot at the United States Capitol on January 6, 2021:

- Theft of Government Property, in violation of 18 U.S.C. § 641;

- Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

- Entering or Remaining on the Floor of a House of Congress without Authorization, in violation of 40 U.S.C. § 5104(e)(2)(A);

- Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

1

*See* Information, ECF No. 13. Orlando pled guilty to one of these charges: Entering and Remaining in a Restricted Building or Grounds. *See* Plea Agreement, ECF No. 34; Statement of Offense, ECF No. 33.

As part of his plea agreement with the Government, Orlando stipulated to a statement of facts that he agreed, if his case had proceeded to trial, the Government would have been able to prove beyond a reasonable doubt. *See* Statement of Offense, ECF No. 33. In summary, that statement describes Orlando's role in the riot on January 6 as follows.

Orlando was among the first rioters to breach the Senate Fire Door on the west side of the Capitol Building on January 6, 2021. *Id.* ¶ 10. He advanced through the Capitol near the front of a crowd of rioters who were shouting, among other things, "stop the steal," and "let us into the chamber." *Id.* He and the crowd around him eventually reached a line of officers attempting to stop their progress. *Id.* ¶ 11. Orlando said to these officers, "Big day for your career, huh?" *Id.* The crowd of rioters eventually overwhelmed the officers, and Orlando advanced past their position. *Id.*

Orlando eventually made his way onto the floor of the Senate Chamber, where he sifted through desks. *Id.* ¶¶ 12–14. He also stole a white coaster from the desk of Senator Joe Manchin. *Id.* ¶ 15. Orlando remained on the floor of the Senate until officers removed him from the chamber and the building. *Id.* ¶ 16. He later reentered the Capitol Building through a broken window on the west side of the building and remained inside for another 10 minutes, eventually exiting through the Senate Wing Door. *Id.* ¶ 17.

On February 14, 2025, Orlando is scheduled to be sentenced for the one misdemeanor offense for which he has accepted responsibility. Min. Order (Sept. 13, 2024).

2

**II.**

On January 21, 2025, the Government moved to dismiss the information against Orlando

"with prejudice" under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. to Dismiss, ECF

No. 41. Orlando consents to the relief requested in this motion. *See* Notice of Def.'s Consent,

ECF No. 42. As the "reason for this dismissal," the Government cites an as-yet unnumbered

presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain

Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Gov't's

Mot. to Dismiss at 1. That Proclamation, in relevant part, "direct[s] the Attorney General to pursue

dismissal with prejudice to the Government of all pending indictments against individuals for their

conduct related to the events at or near the United States Capitol on January 6, 2021." Unnumbered

Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S.

By its terms, Rule 48(a) allows the Government, "with leave of court," to "dismiss an

indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court must therefore decide

whether to grant its leave to dismiss this case. *See United States v. Ammidown*, 497 F.2d 615, 620

(D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role

in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United

States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial

court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48

"obviously vest[s] some discretion in the court" without deciding whether that discretion extends

to cases in which the defendant consents to dismissal). To inform this analysis, the Court may

"require a statement of reasons and underlying factual basis" for the Government's motion to

dismiss. *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so. *See* Gov't's Mot. (citing Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S). The Court does not discern—and neither party has identified—any defect in either the legal merits of, or the factual basis for, the Government's case that would require dismissal. But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

### III.

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored. Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department. Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democratic rule around the world. For hours, those officers

were aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

### IV.

For the foregoing reasons, it is hereby **ORDERED** that:

- The Government's [41] Motion to Dismiss is **GRANTED**;

- The [13] Information is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a);

- The [8] Order Setting Conditions of Release is **VACATED**;

- All scheduled proceedings and deadlines in this matter, including the Sentencing Hearing scheduled to take place on February 14, 2025, and the associated deadlines for Memoranda in Aid of Sentencing, are **VACATED**; and

- All pending motions are **DENIED AS MOOT**.

The Clerk of the Court is respectfully directed to close this case.


**SO ORDERED.**

**Dated:** January 23, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge